Frank A. Gulotta, J.
This motion for leave to reargue (61 Mise 2d 554) by the defendant finds the plaintiff doing an about face and (in this court’s opinion) too readily abandoning its original position that the wife was an accommodation comaker on a mortgage promissory note, for a new position that there was present consideration for the wife’s obligation in the form of forbearance on the husband’s debt.
Aside from the fact that the proof to support this contention is somewhat dubious, having in mind that both the note and mortgage were due on demand and the manager’s admission that there was no request for an extension, there is the additional difficulty that it is not supported by the pleadings, excepting plaintiff’s unauthorized amended bill of particulars.
Turning to defendant’s present contention, it is this court’s opinion that she misconstrues paragraph (d) of subdivision (1) of section 3-104 of the Uniform Commercial Code when she reads it to require that a negotiable note be payable ‘ ‘ to order or to bearer "in haec verba. These are alternatives and it is sufficient to comply with one of them. The note in suit is payable to plaintiff or order. Neither do I construe the reference to the collateral mortgage which is made in the note a qualification of the unconditional promise to pay sufficient to destroy its negotiability under paragraph (a) of subdivision (2)* of section 3-105. The official commentary states in part 8: “ The distinction is between a mere recital of the existence of the separate agreement or a reference to it for information, which under paragraph (c) of subsection (1) will not affect negotiability, and any language which, fairly construed, requires the holder to look to the other agreement for the terms of payment. The intent of the provision is that an instrument is not negotiable unless the holder can ascertain all of its essential terms from its face. In the specific instance of rights as to prepayment or acceleration, however, there may be a reference to a separate agreement without destroying negotiability.”
While the cross-reference clause is rather ineptly worded, the sense of it is not to detract from the obligation of the note, but to add additional provisions for the security of the holder.
Assn-ming a valid note by an accommodation maker to secure a pre-existing debt, the collateral mortgage needs no consideration separate and apart from the note to support it. Motion for leave to reargue denied.